**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JAKARI JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | _____ |
| **MOBILE COUNTY, ALABAMA, and** | ) | |
| **MOBILE COUNTY PERSONNEL BOARD,** | ) | |
| | ) | **JURY DEMAND** |
| **Defendants.** | ) | |
| | ) | |

**COMPLAINT**

## I.     INTRODUCTION

1.     This is an action for legal and equitable relief to redress unlawful discrimination on the basis of gender against the plaintiff.  The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII").  The Plaintiff requests a trial by jury of all issues triable by a jury.

2.     A substantial part of the unlawful employment practices challenged in this action occurred in Mobile County, Alabama.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5.

## II.     JURISDICTION

3.     Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5; and 42 U.S.C. §§ 12112, 12117(a) and 12203, which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a and the "Civil

Rights Act of 1866," as amended by § 101 of the "Civil Rights Act of 1991," and codified at 42 U.S.C. § 1981.

### III.   ADMINISTRATIVE PREREQUISITES

4.      The plaintiff has met all administrative conditions precedent for the filing of this case under Title VII.

5.      On or about November 15, 2018, Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunities Commission (E.E.O.C.) in which he complained that the Defendant subjected him to unlawful sex discrimination in relation to multiple hiring opportunities.

6.      Plaintiff subsequently received a Right to Sue authorization to file a private action from the E.E.O.C. and is timely filing this Complaint within ninety (90) days of receiving said authorizations.

### IV.   PARTIES

7.      Plaintiff, Jakari Johnson ("Johnson"), is a male citizen of the United States over the age of nineteen (19) years and is a resident citizen of the State of Alabama.

8.      Defendant, Mobile County, Alabama, ("the County"), employs more than fifteen (15) employees and, therefore, is an "employer" for Title VII purposes.

9.      Defendant, Mobile County Personnel Board  ("MCBB"), is an employer and/or joint employer with the County, and/or acts in an employment agency relationship with the County.

10.     Defendants employ more than fifteen (15) employees, and, therefore, are "employers" for Title VII purposes.

11.     On information and belief defendant Mobile County Personnel Board is a requisite party under Federal Rule of Civil Procedure 19(a) as the entity with the ability to provide the equitable/injunctive/declaratory relief sought in this action; and insofar as the County identified itself in responding to Plaintiff's E.E.O.C. Charges of Discrimination as being an employer subject to administration by the MCBP and of the MCPB participating at least in part in the applicant selection process for the positions at issue in the present suit. role of Respondent/Employer in responding to Plaintiff's E.E.O.C. Charges of Discrimination and the administrative agency's investigation of same.

V.     **STATEMENT OF FACTS AND CLAIMS**

12.     In 2018 Plaintiff applied and interviewed for multiple job openings with the Defendant for a Custodial Worker I position.

13.     Plaintiff was repeatedly denied employment in each of the open positions due to his gender, male.

14.     Each of the 2018 Custodial Worker I positions were instead given to female applicants.

15.     Plaintiff was equally, if not more qualified for these positions than the female applicants to whom they were awarded.

16.     Mobile County Commission is an employer subject to the civil service merit system and administered by the Mobile County Personnel Board (MCPB).

17.     At the time of the Plaintiff's 2018 applications for the Custodial Worker I positions, he was a former civil service merit system employee who was eligible to be rehired in the system due to being laid off.

3

18.    In 2018 the Defendant had six (6) job openings available for the Custodial Worker I position for which the Plaintiff was eligible.

19.    Plaintiff was named on the MCPB list of eligibles for each of these positions.

20.    In order to be on the list of eligibles, the Plaintiff had to meet the minimum qualifications for each of these positions.

21.    The decision maker for the hiring of these six (6) Custodial Worker I positions was Billy Joe Rooks, Custodial Coordinator.

22.    The Plaintiff interviewed with Rooks for these six (6) Custodial Worker I positions on multiple occasions.

23.    During one of the Plaintiff's final interviews Mr. Rooks made several patently discriminatory statements to the Plaintiff about preferring to hire female employees rather than male employees.

24.    During the interviews, Rooks asked Plaintiff about custodial/cleaning experience and the Plaintiff informed Rooks that he had experience since 2008 stripping and buffing flooring and discussed the process for doing so.  He also told Rooks that he had experience cleaning and maintaining granite surfaces, vacuuming carpet, pulling trash, and waxing floors, among other things.

25.    Rooks asked Plaintiff if he had a problem wearing an "apron." Plaintiff said he did not.

26.    Rooks then asked Plaintiff if he had a problem working, "with a bunch of women." Plaintiff said he did not.

4

27.     Rooks informed Plaintiff that he would be doing a lot of cleaning, dusting, cleaning windows, and vacuuming type of work. Plaintiff understood and said he had no problem doing the work.

28.     Rooks informed Plaintiff that he had interviewed another man that day, but that this individual would not be hired for the positions.

29.     Rooks told the Plaintiff that the custodial supervisor preferred to supervise female custodial workers because women cleaned better than men, and because women were easier to supervise than men.

30.     Rooks then told Plaintiff that since he was a man he would probably not be hired.

31.     Plaintiff was not offered any of the six (6) Custodial Worker I positions for which he was qualified.

32.     Each of the six (6) Custodial Worker I positions were given to a female applicant.

33.     Upon information and belief, the Plaintiff was equally if not more qualified for the position than the female(s) who were given the positions.

## COUNT I – CLAIMS OF SEX DISCRIMINATION
## IN VIOLATION OF TITLE VII

34.     The plaintiff realleges and incorporates by reference paragraphs 1-33 above with the same force and effect as if fully set out in specific detail herein below.

35.     As set out in detail above, the Defendants unlawfully discriminated against the Plaintiff in failing to hire the Plaintiff into at least six (6) open Custodial Worker I positions, at least in part because of the plaintiff's gender, male.

36.     The Plaintiff was equally, if not more, qualified for these positions than the female employees who received the positions.

5

37.     Upon information and belief, the Defendants participated in, facilitated, condoned and/or ratified the denial of these positions to Plaintiff and the bestowment of these positions to less qualified female individuals.

38.     The Defendants have thus violated the proscription against sex discrimination found in Title VII.

39.     The unlawful conduct of the Defendants as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the Plaintiff's federally protected rights.

40.     The Defendants' conduct as described above caused the Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

41.     The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay/front-pay, injunctive relief, and compensatory damages and a declaratory judgment is his only means of securing adequate relief.

42.     The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

## VI.    PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Grant the Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and at the Defendants' request from continuing to violate Title VII.

2.     Grant the Plaintiff an order requiring the Defendants to make him whole by awarding him instatement into the position(s) he would have occupied in the absence of sex discrimination by

the Defendants with the same seniority, leave and other benefits (or front pay), and back pay (with interest), and by awarding Plaintiff compensatory damages for emotional distress, and/or nominal damages.

3.     The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

s/ Temple D. Trueblood
Temple D. Trueblood
Attorney for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

**CO-COUNSEL:**
Edward L.D. Smith
Post Office Box 1643
Mobile, Alabama 36633-1643
(251) 432-0447

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

s/ Temple D. Trueblood
OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon each of the named defendants the following : Summons, Amended Complaint.**

**<u>Defendants' Addresses:</u>**

**Mobile County, Alabama**
**c/o Jerry Carl, Mobile County Commission President**
**205 Government Street**
**Mobile, Alabama 36644**

**Mobile County Personnel Board**
**c/o Frank C. Sullivan, Jr., Board Chair**
**1809 Government Street**
**Mobile, AL 36606**

s/ Temple D. Trueblood
OF COUNSEL
